IN THE UNITED STATES OF DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

Erica Schaffer, on behalf of herself and all
other persons similarly situated,
211 E 53rd St., Apt 3L
New York, NY  10022

      v.

Qorvis Communications, LLC
1201 Connecticut Ave, NW, Suite 300
Washington, DC  20036

  Serve:  Michael Tucker
          8484 Westpark Dr., Suite 800
          McLean, VA  22102

                    Defendants.

-----------------------------------------------------------

## COMPLAINT

Plaintiff, by her undersigned counsel, on behalf of herself and all persons similarly situated who were denied overtime wages in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207(a), alleges as follows for her Complaint:

### SUMMARY OF THE ACTION

This action arises out of the deliberate failure on the part of the Defendant to pay overtime wages to its full-time and part-time employees in accordance with the Fair Labor and Standards Act (hereinafter "FLSA") and District of Columbia Wage and Hour Law (hereinafter "DCWHL").  The FLSA and DCWHL requires that all private sector employer, pay their "non-exempt" employees a rate of not less than one and a one-half times their regular rates of pay for overtime work, defined as 40 hours of work in a workweek.  Defendant Qorvis Communications, LLC (hereinafter "Qorvis") engaged in

the pattern and practice of denying overtime compensation to their employees, despite the employees' status as being "non-exempt" under the FLSA and DCWHL. As a result, the plaintiff sustained damages in amount that is not presently determinable.

## JURISDICTION AND VENUE

1. Jurisdiction is proper pursuant to 28 U.S.C. §1331, as this case arises out of the laws of the United States.

2. Pursuant to 28 U.S.C. §1391, venue is properly vested in this Court as substantial portion of the acts, events, and/or failure to act giving rise to the claims alleged herein occurred in this judicial district. In addition, the defendant resides and maintains an office in the District of Columbia and has substantial business contacts with the District of Columbia.

## PARTIES

3. Erica Schaffer is a former full time employee in the Washington, DC office of Qorvis Communications, LLC. During Ms. Schaffer's employment as an associate at Qorvis, a "non-executive/management" position, Ms. Schaffer was denied overtime compensation, despite having consistently worked more than 40 hours a week during her employment.

4. Qorvis Communications, LLC is a privately held public relations firms with offices in Washington, D.C. and Tysons Corner, VA. Qorvis is an LLC organized and existing under the laws of the Commonwealth of Virginia, with its Washington, D.C. office located at 1201 Connecticut Ave, N.W., Suite 300, Washington, D.C. 20036. Defendant Qorvis can sue and be sued in this Court.

## SUBSTANTIVE ALLEGATIONS

5. Defendant, Qorvis Communications, LLC is a privately held public relations company with upon information and belief, approximately 50 employees.

6. Among the 50 employees, upon information and belief, approximately 43 are classified as managing directors, directors, senior associates and associates.

7. Upon information and belief, Qorvis has an executive vice president/chief operating officer ("EVP/COO") and six (6) partners. These 6 partners and the EVP/COO make up the management of Qorvis.

8. On May 25, 2003, Plaintiff, Erica Schaffer was hired to a full-time position as an associate at Qorvis.

9. Ms. Schaffer was hired by EVP/COO, David Whitmore. At the time of her hiring, Mr. Whitmore indicated that her position would be a nine to five, forty-hour workweek. However, Mr. Whitmore indicated that occasionally Ms. Schaffer's hours would exceed this forty-hour time frame, but this was not to be expected to be a regular occurrence.

10. As an associate, Ms. Schaffer was to work as an assistant for Shereen Sogheir. Ms. Sogheir was the assistant to Michael Petruzzello, the senior partner in the firm. Ms. Sogheir had the title of managing director.

11. Accordingly, as an associate, Ms. Schaffer provided both professional and personal assistance to Ms. Sogheir and Mr. Petruzzello.

12. Despite the promises made to her upon accepting her employment, Ms. Schaffer's workweek, rarely, if ever was limited to a forty-hour workweek.

13. Typically, Ms. Schaffer would arrive at her work place at 9:00 a.m. and be called upon to work past 7:00, p.m., often because she was asked to wait for Mr. Petruzzello to return from his evening workout at the gym, so that she could complete necessary assignments for the day.

14. Most weeks, Ms. Schaffer worked in excess of fifty hours, and never was properly compensated for the additional work hours she performed at Qorvis.

15. Ms. Schaffer was denied overtime compensation until she was wrongfully terminated on September 3, 2003.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT (FLSA)
## 29 U.S.C. § 207(a)(1)

16. Plaintiff repeats and re-allege each of the foregoing allegations as if fully set forth set forth herein.

17. Plaintiff is a non-exempt employee under the FLSA.

18. The FLSA requires that all private sector employers, pay their non-exempt employees a rate of not less than one and a one-half times their regular rates of pay for overtime work, defined as forty (40) hours of work in a workweek.

19. By engaging in the conduct described herein, defendants have violated the FLSA by denying overtime compensation to the Plaintiff for the work she performed in excess of forty hours per workweek for Qorvis.

20. Defendant's actions amount to willful violation and acted in bad faith as defendants' knew or should have known they were violating the FLSA by denying its non-exempt employees overtime compensation

4

21. To remedy these violations of the FLSA, the Plaintiff requests that this Court award damages in an amount to be proven at trial and enter an Order for general restitution, for liquidated damages pursuant to 29 U.S.C. 216(b) of the FLSA, for costs of this action, including but not limited to attorneys fees, pursuant to 29 U.S.C. 216(b) of the FLSA.

COUNT II
VIOLATION OF THE DISTRICT OF COLUMBIA WAGE AND HOUR LAW
DC Stat. § 32-1003(c).

22. Plaintiff repeat and re-allege each of the foregoing allegations as if fully set forth set forth herein.

23. Plaintiff is a non-exempt employee under the District of Columbia Wage and Hour Law (DCWHL), DC Stat. 32-1004.

24. The DCWHL requires that all employers, pay their non-exempt employees a rate of not less than one and a one-half times their regular rates of pay for overtime work, defined as forty (40) hours of work in a workweek. DC Stat 32-1003.

25. By engaging in the conduct described herein, defendants have violated the DCWHL by denying overtime compensation to the Plaintiff for the work she performed in excess of forty hours per workweek for Qorvis.

26. Defendant's actions amount to willful violation and acted in bad faith as defendants' knew or should have known they were violating the DCWHL by denying its non-exempt employees overtime compensation

27. To remedy these violations of the DCWHL, the Plaintiff requests that this Court award damages in an amount to be proven at trial and enter an Order for

general restitution, for liquidated damages pursuant to DC Stat 32-1012(a) of the DCWHL, for costs of this action, including but not limited to attorneys fees, pursuant to DC Stat 32-1012(c) of the DCWHL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff request judgment against the Defendants as follows:

1. Awarding compensatory damages against Defendant in an amount to be determined at trial;

2. Awarding Plaintiff liquidated damages according to proof at trial;

3. Awarding prejudgment interest at the maximum rate allowable by law;

4. Awarding Plaintiff her costs and disbursements and reasonable allowances of fees for Plaintiff's counsel and experts and reimbursement of expenses;

5. Ordering the Defendant to forthwith compensate Plaintiff for her overtime hours in accordance with the FLSA and DCFWL;

6. Leave to amend this Complaint as interests of justice may allow; and

7. Granting any and all such further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury as to all issues.

August 26, 2005                    Respectfully submitted,

                                   HEIDEMAN NUDELMAN & KALIK P.C.


                                   _/s/Richard D. Heideman_____
                                   Richard D. Heideman (No. 377462)

                Noel J. Nudelman (No. 449969)
                Tracy Reichman Kalik (No. 462055)
                1146 19th Street, NW
                Fifth Floor
                Washington, DC 20036
                Telephone: (202) 463-1818
                Telefax:  (202) 463-2999