IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERICA SCHAFFER : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No: 1:05CV1699(GK) |
| : | |
| QORVIS COMMUNICATIONS, LLC : | |
| : | |
| Defendant. : | |
| . . . . . . . . . . . . . . . . . . . . . . . . . . . . : | |

### FIRST AMENDED COMPLAINT

Plaintiff, by her undersigned counsel alleges as follows for her First Amended Complaint:

### SUMMARY OF THE ACTION

This action arises out of the deliberate failure on the part of the Defendant to pay overtime wages to its full-time and part-time employees in accordance with the Fair Labor and Standards Act (hereinafter "FLSA") and District of Columbia Wage and Hour Law (hereinafter "DCWHL"). The FLSA and DCWHL requires that all private sector employer, pay their "non-exempt" employees a rate of not less than one and a one-half times their regular rates of pay for overtime work, defined as 40 hours of work in a workweek. Defendant Qorvis Communications, LLC (hereinafter "Qorvis") engaged in the pattern and practice of denying overtime compensation to their employees, despite the employees' status as being "non-exempt" under the FLSA and DCWHL.

In addition, Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e) to remedy the employment discrimination

committed by the defendant in creating a hostile work environment and wrongfully terminating the Plaintiff because of her religion.

As a result, the Plaintiff sustained damages in an amount that is not presently determinable.

## JURISDICTION AND VENUE

1. Jurisdiction is proper pursuant to 28 U.S.C. §1331, as this case arises out of the laws of the United States.

2. Pursuant to 28 U.S.C. §1391 and 42 U.S.C. §2000(e)-5(f)(3), venue is properly vested in this Court as substantial portion of the acts, events, and/or failure to act giving rise to the claims alleged herein occurred in this judicial district. In addition, the defendant resides and maintains an office in the District of Columbia and has substantial business contacts with the District of Columbia.

## PARTIES

3. Erica Schaffer is a former full time employee in the Washington, DC office of Qorvis Communications, LLC. Ms. Schaffer is of the Jewish faith. During Ms. Schaffer's employment as an associate at Qorvis, a "non-executive/management" position, Ms. Schaffer was denied overtime compensation, despite having consistently worked more than 40 hours a week during her employment.

4. Qorvis Communications, LLC is a privately held public relations firm with offices in Washington, D.C. and Tysons Corner, VA. Qorvis is an LLC organized and existing under the laws of the Commonwealth of Virginia, with

2

its Washington, D.C. office located at 1201 Connecticut Ave, N.W., Suite 300, Washington, D.C. 20036. Defendant Qorvis can sue and be sued in this Court. Defendant is an employer as defined in 42 U.S.C. 2000(b).

## SUBSTANTIVE ALLEGATIONS

5. Defendant, Qorvis Communications, LLC, is a privately held public relations company, which upon information and belief, employs approximately 50 employees.

6. Among the 50 employees, upon information and belief, approximately 43 are classified as managing directors, directors, senior associates and associates.

7. Upon information and belief, Qorvis has an executive vice president/chief operating officer ("EVP/COO") and six (6) partners. These 6 partners and the EVP/COO make up the management of Qorvis.

8. On May 25, 2003, Plaintiff, Erica Schaffer was hired to a full-time position as an associate at Qorvis.

9. Ms. Schaffer was hired to be an associate assigned to the "Saudi Account".

10. Ms. Schaffer was hired by EVP/COO, David Whitmore. At the time of her hiring, Mr. Whitmore indicated that her position would be a nine to five, forty-hour workweek. However, Mr. Whitmore indicated that occasionally Ms. Schaffer's hours would exceed this forty-hour time frame, but this was not expected to be a regular occurrence.

11. As an associate, Ms. Schaffer was to work as an assistant for Shereen Sogheir. Ms. Sogheir was the assistant to Michael Petruzzello, the senior partner in the firm. Ms. Sogheir had the title of managing director.

12. Accordingly, as an associate, Ms. Schaffer provided both professional and personal assistance to Ms. Sogheir and Mr. Petruzzello.

13. Despite the promises made to her upon accepting her employment, Ms. Schaffer's workweek, rarely, if ever, was limited to a forty-hour workweek.

14. Typically, Ms. Schaffer would arrive at her work place at 9:00 a.m. and be called upon to work past 7:00, p.m., often because she was asked to wait for Mr. Petruzzello to return from his evening workout at the gym, so that she could complete necessary assignments for the day.

15. Most weeks, Ms. Schaffer worked in excess of fifty hours, and never was properly compensated for the additional work hours she performed at Qorvis.

16. Further, Ms. Schaffer was denied overtime compensation until she was wrongfully terminated on September 3, 2003.

17. In addition, during the course of Ms. Shaffer's employment the atmosphere at the company became more and more hostile.

18. Upon information and belief, Plaintiff contends that the reason the environment became more hostile was because she was of the Jewish faith.

19. Upon information and belief, Plaintiff was the only employee of the Jewish faith that was employed by the company in its D.C. office.

20. At different times during her employment, disparaging remarks were made about her religious identity.

21. In particular, at one corporate event, Mr. Whitmore approached her and asked if, because she was Jewish, her family was uncomfortable with her working on the "Saudi Account".

22. On September 3, 2003, Ms. Shaffer was summoned to Mr. Whitmore's office. Mr. Whitmore advised Ms. Shaffer that she was being terminated by the Defendant because "she did not fit in."

23. At that time Mr. Whitmore did not indicate that there were any problems with the quality of her work, but rather it was because she was not the type of person they needed on the Saudi team.

24. Upon information and belief, it is Plaintiff's understanding that she was replaced by a new associate who had a Saudi/Arab/Muslim background.

25. On June 28, 2004 Plaintiff filed a charge of discrimination with the EEOC, a copy of which is attached hereto. The EEOC issued a right to sue letter to the Plaintiff on July 5, 2005.[1]

26. All prerequisites to suit have been satisfied and this suit is timely.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT (FLSA)
## 29 U.S.C. § 207(a)(1)

27. Plaintiff repeats and re-alleges each of the foregoing allegations as if fully set forth set forth herein.

28. Plaintiff is a non-exempt employee under the FLSA.

29. The FLSA requires that all private sector employers, pay their non-exempt employees a rate of not less than one and a one-half times their regular rates of pay for overtime work, defined as forty (40) hours of work in a workweek.

---

[1] Plaintiff has not yet received the Right to Sue Letter. Apparently the Right to Sue was sent to the Plaintiff's old address and not forwarded. No copy of the Right to Sue was sent to Plaintiff's counsel. Plaintiff's counsel received a copy of the Right to Sue on September 22, 2005.

5

30. By engaging in the conduct described herein, defendants have violated the FLSA by denying overtime compensation to the Plaintiff for the work she performed in excess of forty hours per workweek for Qorvis.

31. Defendant's actions amount to willful violation and acted in bad faith as defendants' knew or should have known they were violating the FLSA by denying its non-exempt employees overtime compensation

32. To remedy these violations of the FLSA, the Plaintiff requests that this Court award damages in an amount to be proven at trial and enter an Order for general restitution, for liquidated damages pursuant to 29 U.S.C. 216(b) of the FLSA, for costs of this action, including but not limited to attorneys fees, pursuant to 29 U.S.C. 216(b) of the FLSA.

COUNT II
VIOLATION OF THE DISTRICT OF COLUMBIA WAGE AND HOUR LAW
DC Stat. § 32-1003(c).

33. Plaintiff repeats and re-alleges each of the foregoing allegations as if fully set forth set forth herein.

34. Plaintiff is a non-exempt employee under the District of Columbia Wage and Hour Law (DCWHL), DC Stat. 32-1004.

35. The DCWHL requires that all employers, pay their non-exempt employees a rate of not less than one and a one-half times their regular rates of pay for overtime work, defined as forty (40) hours of work in a workweek. DC Stat 32-1003.

36. By engaging in the conduct described herein, defendants have violated the DCWHL by denying overtime compensation to the Plaintiff for the work she performed in excess of forty hours per workweek for Qorvis.

37. Defendant's actions amount to willful violation and acted in bad faith as defendants' knew or should have known they were violating the DCWHL by denying its non-exempt employees overtime compensation

38. To remedy these violations of the DCWHL, the Plaintiff requests that this Court award damages in an amount to be proven at trial and enter an Order for general restitution, for liquidated damages pursuant to DC Stat 32-1012(a) of the DCWHL, for costs of this action, including but not limited to attorneys fees, pursuant to DC Stat 32-1012(c) of the DCWHL.

COUNT III
VIOLATION OF THE CIVIL RIGHTS ACT OF 1964 (as amended)
TITLE VII, 42 U.S.C §2000(e) et seq.
Hostile work environment and wrongful termination

39. Plaintiff repeats and re-alleges each of the foregoing allegations as if fully set forth set forth herein.

40. Defendant Qorvis discriminated against Plaintiff by creating a hostile work environment for the Plaintiff on the basis of her religion.

41. By creating a hostile work environment for the Plaintiff on the basis of her religion, Qorvis discriminated against Ms. Schaffer in violation of Title VII, 42 U.S.C. §2000(e)-2(a)(1).

42. Defendant also discriminated against the Plaintiff by wrongfully terminating the Plaintiff on the basis of her religion.

43. By wrongfully terminating the Plaintiff on the basis of her religion, Qorvis discriminated against Ms. Shaffer in violation of Title VII, 42 U.S.C. §2000(e)-2(a)(1).

44. As a result of these violations of Title VII, Plaintiff has suffered considerable injury, including loss of earnings and mental distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff request judgment against the Defendants as follows:

1. Awarding compensatory damages against Defendant in an amount to be determined at trial, including damages for emotional distress;

2. Awarding Plaintiff liquidated damages in accordance with the FLSA and DCFWL according to proof at trial;

3. Awarding prejudgment interest at the maximum rate allowable by law;

4. Awarding Plaintiff her costs and disbursements and reasonable allowances of fees for Plaintiff's counsel and experts and reimbursement of expenses, in accordance with the FLSA, DCFWL and Title VII;

5. Ordering the Defendant to forthwith compensate Plaintiff for her overtime hours in accordance with the FLSA and DCFWL;

6. Leave to amend this Complaint as interests of justice may allow; and

7. Granting any and all such further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury as to all issues.

October 3, 2005                    Respectfully submitted,

                                    HEIDEMAN NUDELMAN & KALIK P.C.

                                    */s/Richard D. Heideman*
                                    Richard D. Heideman (No. 377462)
                                    Noel J. Nudelman (No. 449969)
                                    Tracy Reichman Kalik (No. 462055)
                                    1146 19th Street, NW
                                    Fifth Floor
                                    Washington, DC 20036
                                    Telephone: (202) 463-1818
                                    Telefax:  (202) 463-2999


## CERTIFICATE OF SERVICE

I hereby certify that on this the 3rd day of October, 2005 the forgoing First Amended Complaint was filed with the Court via the Electronic Case Filing (ECF) System and a copy was mailed via First Class United States Mail to the following counsel for the Defendant:

Damien Stewart
Holland & Knight, LLP
2099 Pennsylvania Avenue, NW
Suite 100
Washington, DC  20006

                                                     */s/ Tracy Reichman Kalik*
                                                     Tracy Reichman Kalik

# EXHIBIT 1

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>100-2004-00672 |
|---|---|---|
| | D.C. Office Of Human Rights<br>*State or local Agency, if any* | and EEOC |

| Name (Indicate Mr., Ms., Mrs.)<br>Erica Schaffer | Home Phone No. (Incl Area Code) | Date of Birth |
|---|---|---|
| Street Address<br>1900 South Eads Street #835, | City, State and ZIP Code<br>Arlington, VA 22202 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>QORVIS COMMUNICATIONS | No. Employees, Members<br>15 - 100 | Phone No. (Include Area Code) |
|---|---|---|
| Street Address<br>1201 Connecticut Ave. N.W., Suite 300, | City, State and ZIP Code<br>Washington, DC 20036 | |
| Name | No. Employees, Members | Phone No. (Include Area Code) |
| Street Address | City, State and ZIP Code | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)*<br>☐ RACE  ☐ COLOR  ☐ SEX  ☒ RELIGION  ☐ NATIONAL ORIGIN<br>☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER *(Specify below.)* | DATE(S) DISCRIMINATION TOOK PLACE<br>Earliest: 09-03-2003   Latest: 09-03-2003<br>☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I. I began my employment at Qorvis Communications in May 2003 working on a Middle Eastern (Saudi) account. I was hired by David Whitmore, CFO of Qorvis. I was the only Jewish person working in my office at the time.

At a company party Mr. Whitmore came up to me and asked me if my family thought it was strange that I was Jewish and that I was working on a Saudi account. I responded that my family was just happy that I had a job.

On September 3rd, 2003, I was terminated by Mr. Whitmore. His reasoning was one statement: "You don't fit it in". Qorvis has many other accounts that do not deal with the Saudi's and I asked to be moved instead of terminated but Mr. Whitmore just continued saying that I did not fit in. I was replaced by a Saudi a few weeks after I was terminated.

II. RESPONDENT REASON FOR ADVERSE ACTIONS: No reason has been given.

III. I believe that I was discriminated against because of my religion (Jewish), in violation of Title VII of the Civil Rights Act of 1964 as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| Jun 28, 2004       *Erica Schaffer*<br>Date              Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1. FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (5/01).

**2. AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117.

**3. PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4. ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5. WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII or the ADA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.